/Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED

AUG 0 3 2005

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS | § | CRIMINAL NO. H-05-323 |
| | § | |
| ESKICO TRUMAN GARNER, | § | |
| CAROL DENISE RICHARDSON, | § | |
| GARY ROSHAN HORTON, | § | UN-SEALED PER Order |
| ERIC DWAYNE SINGLETON, and | § | dated |
| KEITH BERNARD MOORE | § | 5/12/05 |
| | § | |
| Defendants | | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

#### Conspiracy to Possess with Intent to Distribute Cocaine Base

From on or about September 29, 2004 through May 4, 2005, in the Houston Division of the Southern District of Texas,

**ESKICO TRUMAN GARNER,**

**CAROL DENISE RICHARDSON,**

**GARY ROSHAN HORTON,**

**ERIC DWAYNE SINGLETON, and**

**KEITH BERNARD MOORE**

defendants herein, did knowingly, unlawfully and intentionally combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance. This violation involved fifty (50) grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(iii).

## COUNT TWO

### Possession with Intent to Distribute Cocaine

On or about October 12, 2004, in the Houston Division of the Southern District of Texas,

**ESKICO TRUMAN GARNER,**
**CAROL DENISE RICHARDSON and**
**GARY ROSHAN HORTON,**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally possess with the intent to distribute a controlled substance. This violation involved five (5) grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT THREE

### Possession with Intent to Distribute Cocaine Base

On or about December 8, 2004, in the Houston Division of the Southern District of Texas,

**ESKICO TRUMAN GARNER and**
**CAROL DENISE RICHARDSON,**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally possess with the intent to distribute a controlled substance. This violation involved five (5) grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT FOUR

### Possession with Intent to Distribute Cocaine Base

On or about January 11, 2005, in the Houston Division of the Southern District of Texas,

**ESKICO TRUMAN GARNER,**

defendant herein, did unlawfully, knowingly and intentionally possess with the intent to distribute a controlled substance. This violation involved five (5) grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT FIVE

### Possession with Intent to Distribute Cocaine Base

On or about January 28, 2005, in the Houston Division of the Southern District of Texas,

**GARY ROSHAN HORTON and**
**ERIC DWAYNE SINGLETON,**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally possess with the intent to distribute a controlled substance. This violation involved a detectable amount of a mixture and substance containing cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

### Possession with Intent to Distribute Cocaine Base

On or about April 20, 2005, in the Houston Division of the Southern District of Texas,

**ESKICO TRUMAN GARNER,**

defendant herein, did unlawfully, knowingly and intentionally possess with the intent to distribute a controlled substance. This violation involved five (5) grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT SEVEN

### Possession with Intent to Distribute Cocaine Base

On or about April 22, 2005, in the Houston Division of the Southern District of Texas,

**ESKICO TRUMAN GARNER and**

**KEITH BERNARD MOORE**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally possess with the intent to distribute a controlled substance. This violation involved five (5) grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT EIGHT

### Possession with Intent to Distribute Cocaine Base

On or about May 4, 2005, in the Houston Division of the Southern District of Texas,

**GARY ROSHAN HORTON and**
**ERIC DWAYNE SINGLETON,**

defendants herein, aiding and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally possess with the intent to distribute a controlled substance. This violation involved five (5) grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii), notice is given that the defendants:

**ESKICO TRUMAN GARNER,
CAROL DENISE RICHARDSON,
GARY ROSHAN HORTON,
ERIC DWAYNE SINGLETON, and
KEITH BERNARD MOORE**

shall forfeit to the United States of America-
(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and
(2) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:
(1) cannot be located upon exercise of due diligence;
(2) has been placed beyond the jurisdiction of the Court;
(3) has been transferred or sold to, or deposited with a third party;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to 21 U.S.C. §853(p).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

CHUCK ROSENBERG,
United States Attorney

By: _____
Ralph E. Imperato
Assistant United States Attorney